## CIRCUIT COURT OF WASHINGTON COUNTY

Sherman Earls, Adm'r, etc.

v.

M. Steutzel et al.

February 10, 1994

Case No. (Law) 91–32

BY JUDGE CHARLES H. SMITH, JR.

This matter is before the court upon the defendant's Motion in Limine filed herein on March 10, 1993, requesting that the Court exclude the testimony at trial of the plaintiff's expert, John A. Green, M.D., concerning his opinion as to the defendants' relative standard of care. The motion also seeks to have this witness' testimony excluded on the issue of causation. The matter was heard by the Court on December 9, 1993, upon counsel's respective memoranda and arguments.

Both sides rely upon § 8.01–581.20 of the Code of Virginia in support of their respective positions. That code section provides as follows:

A. In any proceeding before a medical malpractice review panel or in any action against a physician, clinical psychologist, podiatrist, dentist, nurse, hospital or other health care provider to recover damages alleged to have been caused by medical malpractice where the acts or omissions so complained of are alleged to have occurred in this 'Commonwealth, the standard of care by which the acts or omissions are to be judged shall be that degree of skill and diligence practiced in this Commonwealth and the practitioner in the field of practice or specialty in this Commonwealth and the testimony of an expert witness, otherwise qualified, as to such standard of care, shall be admitted; provided, however, that the standard of care in the locality or in similar localities in which the

alleged act or omission occurred shall be applied if any party shall prove by a preponderance of the evidence that the health care services and health care facilities available in the locality and the customary practices in such locality or similar localities give rise to a standard of care which is more appropriate than a statewide standard. Any physician who is licensed to practice in Virginia shall be presumed to know the statewide standard of care in the specialty or field of medicine in which he is qualified and certified. This presumption shall also apply to any physician who is licensed in some other state of the United States and meets the educational and examination requirements for licensure in Virginia. An expert witness who is familiar with the statewide standard of care shall not have his testimony excluded on the ground that he does not practice in this Commonwealth. A witness shall be qualified to testify as an expert on the standard of care if he demonstrates expert knowledge of the standards of the defendant's specialty and of what conduct conforms or fails to conform to those standards and if he has had active clinical practice in either the defendant's specialty or a related field of medicine within one year of the date of the alleged act or omission forming the basis of the action.

B. In any action for damages resulting from medical malpractice, any issue as to the standard of care to be applied shall be determined by the jury, or the court trying the case without a jury.

As counsel have both noted, this code section has been amended several times in the past few years; the most recent amendment having been made by the General Assembly in 1992, effective July 1, 1992. The main bone of contention here lies in counsel's differing interpretation of the sentence:

A witness shall be qualified to testify as an expert on the standard of care if he demonstrates expert knowledge of the standards of the defendant's specialty and of what conduct conforms or fails to conform to those standards and if he has had active clinical practice in either the defendant's specialty or a related field of medicine within one year of the date of the alleged act or omission forming the basis of the action . . . .

The *de bene esse* deposition of Dr. Green was taken by counsel for the plaintiff on January 12, 1993. Both counsel have furnished the Court with a copy of this deposition as an exhibit to their respective memorandum.

While neither counsel can point to a Virginia Supreme Court decision, both have referred to various circuit court opinions that allegedly support their respective positions.

The defendant contends that Dr. Green's testimony should be excluded because he has failed to demonstrate the requisite knowledge of the standard of care applicable either to the defendant emergency room physician or the defendant emergency room nurse. The defendant contends that Dr. Green's deposition clearly establishes that he is unfamiliar with the standard of care applicable to either of these disciplines. Indeed, the defendants contend that the only similarity between the plaintiff's expert and the defendant, Dr. Steutzel, is that they both have M.D. degrees and that there is no similarity between Dr. Green, an internist, and the defendant, Kathy Blair, a registered nurse.

The plaintiff, on the other hand, contends that Dr. Green's testimony relative to the standard of care practiced by these two defendants should be admitted. The plaintiff relies upon the most recent amendment to § 8.01–581.20. Specifically, the plaintiff contends that the General Assembly, in adding the language "or a related field of medicine . . ." intended to expand upon the admissibility of expert testimony in these cases. The plaintiff reasons that since Dr. Green's specialty overlaps that of the defendant, Dr. Steutzel, insofar as the diagnosis and treatment of dog bites, that so too does the standard of care relating thereto. The plaintiff contends that the statute, as amended, no longer requires that the plaintiff's expert witness be involved in the same type of clinical practice as the defendant, but only that the expert have had a practice in a related field of medicine within one year of the date of the alleged act or omission.

In a medical malpractice case, in addition to establishing negligence, proximate cause and damages, the plaintiff must establish the appropriate standard of care for the specialty involved. In order to establish the appropriate standard of care, expert testimony is almost always necessary. Normally this is done through the testimony of another physician in the same or a related field of specialty to that of the defendant doctor. The reason for establishing the appropriate standard

of care is to ensure that the defendant's conduct will be measured by the standards of his own specialty and not some other and also to prevent an expert in a given area from imposing his or her standards of care upon a person with less specialized or different experience. In order that the fact-finder not be left to speculation on this issue, the statute specifically requires that the expert witness "demonstrate expert knowledge of the standards of the defendant's specialty and of what conduct conforms or fails to conform to those standards."

The plaintiff's expert in this case has failed to demonstrate any such knowledge of the standards of care applicable to the defendant doctor or nurse much less to establish any "expert" knowledge of such standards. The only qualifying factors that the plaintiff can point to is that Dr. Green is a medical doctor and has taught internal medicine to medical residents who *later* became emergency room doctors. It is true, as counsel for the plaintiff points out, that Dr. Green's field of expertise is certainly related to that of the defendants' and that he has had an active practice within the year immediately preceding the act or omission complained of herein. If that were the only prerequisite to his testimony, the inquiry would end here. However, the statute must be read, as it is written, in the conjunctive. Given that reading, it is clear that the plaintiff's expert must *also* demonstrate expert knowledge of the standards of care *and* demonstrate expert knowledge of what conduct conforms or fails to conform to those standards.

A medical doctor, testifying as an expert, is not clothed with the presumption of knowledge as to the statewide standard of care of the physician against whom he is testifying simply by virtue of being a licensed, practicing physician. This presumption attaches to him only when testifying with regard to the standard in his own specialty. Consequently, if a party calls as a witness one who is not qualified or certified in the defendant doctor's specialty, it is incumbent upon that party to have that witness demonstrate to the fact-finder the source, basis, nature and extent of his expert knowledge. It is true that, in questioning, Dr. Green did conclude that the appropriate standard of care was not met by defendants and howin they 'failed to meet it. However, the record is devoid of any foundation that would qualify this witness to reach that conclusion other than that he is a doctor of internal medicine. Indeed, this does qualify him as an expert. However, it does not clothe him with any presumption and does not "demonstrate" any expert knowledge. Thus, the fact-finder is left to speculate

as to whether the witness truly knows what the standards are in the defendant's specialty or whether the witness is imposing his own standard upon one with less specialized or different experience. The deposition testimony of Dr. Green, at least, fails to demonstrate any such knowledge. Consequently, the Court will grant the Motion in Limine filed by the defendant with regard to Dr. Green's deposition testimony concerning the appropriate standard of care for either named defendant.

The second part of the defendants' Motion in Limine seeks to preclude Dr. Green from testifying as a causation witness at trial since he was not identified as such at his *de bene esse* deposition. While the Court's ruling on the first part of the motion may render this issue moot, the Court is inclined to go ahead and rule on this part of the motion since counsel for plaintiff may seek to otherwise qualify Dr. Green at trial. The Court will deny this portion of the defendants' motion. Counsel for the defendant may govern himself accordingly with regard to further deposing Dr. Green.